IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LEESHA B.,

    Claimant,

    v.

FRANK BISIGNANO, *Commissioner of Social Security*,

    Defendant.

Case No. 2:25-cv-169

## OPINION & ORDER

In this Social Security appeal, Claimant Leesha B. seeks review of an Administrative Law Judge's decision to award her supplemental security income (SSI) effective November 2023 rather than retroactively to the date of her 2021 application. ECF Nos. 1 (complaint), 6 (motion for summary judgment[1]). The Honorable Douglas E. Miller prepared a report and recommendation (R&R), advising that this Court deny the claimant's motion for summary judgment and affirm the Commissioner's finding. ECF No. 9. The claimant objected to the R&R. ECF No. 10. Because a *de novo* review reveals that the claimant was not entitled to SSI before the

---

[1] Since enactment of the Supplemental Rules for Social Security, complaints for judicial review are preserved for decision by the parties' briefs, and motions for summary judgment are not required. Because the claimant styled her opening brief as a motion for summary judgment, the Honorable Douglas E. Miller recommended denying the motion in addition to affirming the ALJ's decision in the usual manner.

date she became disabled, the Court will overrule the claimant's objection, adopt the R&R, and affirm the Commissioner's decision.[2]

## I. BACKGROUND

The claimant filed an application for SSI on September 30, 2021, and alleged her disability began on that date.[3] ECF No. 3 at 25, 59. The ALJ decided the claimant was not disabled before she turned 55 years old, because significant jobs existed in the national economy that the plaintiff could perform. ECF No. 3 at 38–39. But the claimant turned 55 on November 17, 2023, while her application was pending. *Id.* at 38. The ALJ found that when the claimant changed age categories, she became disabled under Medical Vocational Rule 202.04 and, therefore, was eligible for SSI. *Id.* at 40.

## II. LEGAL STANDARD

When a party files a written objection to a report and recommendation issued by a magistrate judge, the district court must determine *de novo* "those portions of

---

[2] In her original briefing, the claimant disputed the ALJ's finding as to her residual functional capacity (RFC). The claimant appears to have abandoned that ground by failing to respond to the Commissioner's arguments in her reply brief. ECF No. 8. Regardless, the claimant does not object to Judge Miller's recommendation that the portion of her appeal directed to the ALJ's RFC determination be denied. In the absence of a specific written objection, the Court may adopt a magistrate judge's recommendations without conducting a *de novo* review, unless the recommendations are clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(b)(3); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). The Court has reviewed Judge Miller's report as to the RFC and finds no clear error. Therefore, the Court will adopt the R&R as to the RFC issue and affirm the Commissioner's conclusion on that point.

[3] The claimant initially alleged her disability began on December 11, 2014. ECF No. 3 at 25, 217. She later amended her allegation regarding the date of onset. *Id.* at 59.

the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III.  ANALYSIS

The ALJ found that the claimant was not disabled at the time she filed her application for SSI but that she became disabled by operation of rule on her 55th birthday, in November 2023. The Court will affirm the ALJ's decision because he correctly determined that the claimant was ineligible for benefits before she became disabled.

The Social Security regulations provide for payment of SSI benefits "the month after the month of initial eligibility." 20 C.F.R. § 416.501. The claimant became "eligible" for SSI benefits the day she became "[d]isabled." 20 C.F.R. § 416.202(a)(3). The ALJ found the claimant disabled under Medical Vocational Rule 202.04, which provides for a finding of disability where the applicant (1) has a high school degree or more that does not provide for direct entry into skilled work, (2) has previous experience in unskilled work or no previous work experience, and (3) *is of an advanced age*. The claimant was not a "person of advanced age" until she turned 55, so she was not disabled under Rule 202.04 until that time. 20 C.F.R. § 416.963(e). Therefore, the claimant should not have been paid SSI before December 2023.

The claimant does not assert that she was disabled before she turned 55 or that the ALJ was wrong to apply Rule 202.04. ECF No. 10. Instead, she contends she

was entitled to benefits from the date she applied for SSI. The Court will briefly explain why each of her arguments fail.

First, the claimant contends that allowing the availability of SSI to "begin with the onset of disability" is inconsistent with Congress's intent to base access to benefits on objective criteria, because determining a date of onset "requires an adjudicator to use discretion." ECF No. 10 at 3. But the claimant does not dispute the components of the ALJ's disability finding that arguably include a measure of discretion. *See id.* at 3–4 (acknowledging that the ALJ found she "met the definition of disability based on her [RFC], [] age, education[,] and experience" but not disputing any of those underlying findings)*; see also supra* n.2. Even if that critique could have merit in another context, it has none here, where the only disputed element of the ALJ's disability determination was a function of the date the plaintiff turned 55 years old—an objective fact.

Second, it is not true that basing SSI access on the date an applicant becomes disabled requires conflating disability with financial eligibility. ECF No. 10 at 5. An SSI application becomes "effective" on either "the first day of the month following the date such application is filed" or "the first day of the month following the date [the applicant] becomes *eligible* for [] benefits"—whichever is later. 42 U.S.C. § 1382(c)(7) (emphasis added). Congress defined "[e]ligib[ility]" to include whether the individual is "disabled" *and* whether their "resources" fall below the statutory threshold. *Id.* § 1382(a). So even if the claimant met the financial requirements for benefits at the time she filed her application, she did not become *eligible* until she was also disabled.

4

That happened on November 17, 2023, so her application became "effective" December 1, 2023—the first day of the following month.

Contrary to the claimant's third argument, *see* ECF No. 10 at 6–8, this conclusion does not confuse the eligibility requirements for Title II and Title XVI benefits. Title II provides disability insurance for people who have a work history that enabled them to pay into the Social Security system. *See generally* 42 U.S.C. § 423. Whatever the similarities and differences between that scheme and SSI under Title XVI, 42 U.S.C. § 1382 makes it clear—as the Court just explained—that an SSI applicant is not entitled to benefits before the date they become disabled. Even if the Title XVI disability determination is similar to the onset determination required under Title II, that does not render the Title XVI disability determination the ALJ engaged in here incorrect. *See generally Indem. Ins. Co. of N. Am. v. W & T Offshore, Inc.*, 756 F.3d 347, 355 n.5 (5th Cir. 2014) (explaining the fallacy of affirming the consequent).

Finally, the claimant asserts that to affirm the ALJ's decision, the Court would have to improperly give greater deference to subregulatory guidance than to the Social Security statutes and regulations. The analysis above—which resolves the question presented by simply applying the statutory definition of eligibility—disposes of that argument.[4]

---

[4] Judge Miller also correctly concluded that the Social Security Administration's policy guidance "reinforce[s]" the conclusion that the claimant was not eligible for SSI before she became disabled, which is "obvious from the statutory language itself." ECF No. 9 at 21.

5

## IV. CONCLUSION

Based on a *de novo* review of the issues to which Claimant Leesha B. objected, the objection (ECF No. 10) is **OVERRULED**. The Report and Recommendation (ECF No. 9) is **ADOPTED**.

The claimant's appeal of the Commissioner's final decision and request for a remand (ECF No. 1) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**. The claimant's motion for summary judgment (ECF No. 6) is likewise **DENIED**.[5]

The Clerk is **DIRECTED** to enter judgment in favor of the Commissioner.

**IT IS SO ORDERED**.

/s/ _____
Jamar K. Walker
United States District Judge

Norfolk, Virginia
January 27, 2026

---

[5] The Clerk is **DIRECTED** to terminate ECF No. 7, which does not seek independent relief.